**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| DOROTHY FOSTER, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 6:20-cv-00435 |
| JMG & ASSOCIATES, LLC, | |
| Defendant. | DEMAND FOR JURY TRIAL |

**COMPLAINT**

NOW comes DOROTHY FOSTER ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of JMG & ASSOCIATES, LLC ("Defendant"), as follows:

**NATURE OF THE ACTION**

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.*, for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2.  This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claim pursuant to 28 U.S.C. §1367.

1

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Texas and a substantial amount of the events and omissions that gave rise to Plaintiff's cause of action occurred within the Western District of Texas.

## PARTIES

4.   Plaintiff is a consumer over 18 years-of-age residing in Leon County, Texas, which is within the Western District of Texas.

5.   Defendant is a debt collector and a limited liability company organized under the laws of the State of Utah. Defendant's principal place of business is located at 9217 S. Redwood Road, Suite A, West Jordan, Utah 84088. Defendant regularly collects from consumers in the State of Texas.

6.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7.   The instant action arises out of Defendant's attempts to collect upon a defaulted personal loan ("subject debt") that Plaintiff purportedly owed to Power Finance.

8.   Plaintiff incurred the subject debt in order to purchase personal and other consumer goods and/or services.

9.   Around April 2020, Plaintiff began receiving calls to her cellular phone, (903) XXX-3075, from Defendant.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -3075.  Plaintiff is and always has been financially responsible for the cellular phone and its services.

11. Defendant has primarily used the phone number (346) 702-4400 when placing calls to Plaintiff's cellular phone, but upon belief, Defendant has used other phone numbers as well.

12.  Upon information and belief, the above-referenced phone numbers are regularly utilized by Defendant during its debt collection activities.

13. During answered calls, Plaintiff was subjected to a noticeable pause, having to say "hello" several times, before being connected to a live representative.

14.  Upon speaking with Defendant, Plaintiff was informed of its intent to collect upon the subject debt.

15.  Defendant's harassing collection campaign caused Plaintiff to demand that Defendant cease calling her.

16.  Defendant has continued placing collection calls to Plaintiff's cellular phone through the filing of the instant action.

17.  Despite Defendant lacking permission to call Plaintiff's cellular phone, Defendant still placed not less than 15 phone calls to Plaintiff's cellular phone.

18.  On at least one occasion, Defendant failed to identify itself as a debt collector when it attempted to collect from Plaintiff.

19. Moreover, Plaintiff has not received any information and/or correspondence from Defendant regarding the subject debt since Defendant began its collection campaign.

20.  Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

21.  Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

22.  Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls from debt

3

collectors, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

<u>COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though full set forth herein.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

25. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

26. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

27. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes.

    a.  **Violations of FDCPA §1692c and §1692d**

28. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

29. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified to stop. Defendant called Plaintiff at least 15 times after she demanded that it stop. This repeated behavior of systematically calling Plaintiff's phone in spite of this information was

4

harassing and abusive.  The frequency and nature of calls shows that Defendant willfully ignored

Plaintiff's pleas with the goal of annoying and harassing Plaintiff.

30. Defendant was notified by Plaintiff that its calls were not welcomed.  As such, Defendant

knew that its conduct was inconvenient and harassing to Plaintiff.

### b.  Violations of FDCPA § 1692e

31. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any

false, deceptive, or misleading representation or means in connection with the collection of any

debt."

32. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

> "The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action." 15 U.S.C. §1692e(11).

33. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or

attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that Defendant stop

contacting her, Defendant continued to contact Plaintiff via automated calls. Instead of putting an

end to this harassing behavior, Defendant systematically placed calls to Plaintiff's cellular phone

in a deceptive attempt to force her to answer its calls and ultimately make a payment. Through its

conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her

via an automated system when it no longer had consent to do so.

34. Moreover, Defendant violated 15 U.S.C. §§ 1692e, e(10), and e(11) through its failure to

disclose itself as a debt collector. By failing to disclose itself as a debt collector, Defendant

deceptively and misleadingly attempted to obscure Plaintiff's rights under the FDCPA. Consequently, Defendant's objective was to obfuscate its status as a debt collector in order to prevent Plaintiff from prosecuting an FDCPA claim against it.

### c.  Violations of FDCPA § 1692f

35. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

36. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff at least 15 times after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without her permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

37. Furthermore, Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by concealing its status as a debt collector. Failing to disclose itself as a debt collector is an unfair and unconscionable act intended to confuse Plaintiff regarding the status and identity of the debt collector and unlawfully designed shield itself from any potential retaliation.

### d.  Violations of FDCPA § 1692g

38. The FDCPA, pursuant to 15 U.S.C. § 1692g(a) requires a debt collector to, "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt . . . send the consumer a written notice containing" several pieces of information, including: "(1) the amount of the debt; (2) the name [of the original creditor]; (3) a statement [regarding disputing the debt within 30 days]; (4) a statement [outlining what happens if a consumer disputes a debt]; and (5) a statement that, upon written request . . . the debt collector will provide the consumer with the name and address of the original creditor . . . ."

39. Defendant violated § 1692g by failing to provide the written information required within five days after the respective initial communication with Plaintiff.

40. As pled in paragraphs 20 through 22, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, DOROTHY FOSTER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

a. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

41. Plaintiff restates and realleges paragraphs 1 through 40 as though fully set forth herein.

42. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

43. Defendant is a "[t]hird-party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(7).

44. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

**a. Violations of TDCA § 392.302**

45. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

46. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone at least 15 times after she notified it to stop calling.  The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately submit a payment. Rather than understanding Plaintiff's situation and abiding by her wishes, Defendant continued in its harassing campaign of phone calls in hopes of extracting payment.

47. Upon being told to stop calling, Defendant had ample reason to be aware that it should not continue its harassing calling campaign. Yet, Defendant consciously chose to continue placing systematic calls to Plaintiff's cellular phone knowing that its conduct was unwelcome.

**b. Violations of TDCA § 392.304**

48. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

49. Defendant violated the TDCA through the implicit misrepresentations made on phone calls placed to Plaintiff's cellular phone. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the lawful ability to continue contacting her cellular phone using an automated system absent her consent. Such lawful ability was revoked upon Plaintiff demanding that Defendant stop calling her cellular phone, illustrating the deceptive nature of Defendant's conduct.

WHEREFORE, Plaintiff, DOROTHY FOSTER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

b.  Declaring that the practices complained of herein are unlawful and violate the
    aforementioned statutes and regulations;

c.  Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

d.  Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

e.  Awarding Plaintiff  punitive damages, in an amount to be determined at trial, for the
    underlying violations;

f.  Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. §
    392.403(b);

g.  Enjoining Defendant from further contacting Plaintiff seeking payment of the subject
    debt; and

h.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: May 28, 2020                                   Respectfully submitted,

s/ Nathan C. Volheim                          s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103              Taxiarchis Hatzidimitriadis, Esq. #6319225
*Counsel for Plaintiff*                        *Counsel for Plaintiff*
Admitted in the Western District of Texas      Admitted in the Western District of Texas
Sulaiman Law Group, Ltd.                       Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200            2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                        Lombard, Illinois 60148
(630) 568-3056 (phone)                         (630) 581-5858 (phone)
(630) 575-8188 (fax)                           (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                       thatz@sulaimanlaw.com